Case 4:24-cv-01111   Document 16   Filed on 01/03/25 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES GASKILL, | § | |
| *Plaintiff,* | § | |
| v. | § | NO. 4:24-cv-1111 |
| FIRMSO LLC, | § | |
| *Defendant.* | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's motion for default judgment. Pl.'s Mot., ECF No. 10.[1] Plaintiff James Gaskill claims Defendant Firmso LLC violated the Fair Labor Standards Act ("FLSA") and seeks to recover actual damages, liquidated damages, attorneys' fees, court costs, and post-judgment interest. Defendant failed to answer the complaint or appear at the evidentiary hearing this Court held on the motion for default judgment.

Based on a careful review of the complaint, the briefing, the evidence, and argument presented at hearing, the Court recommends that the motion for default judgment be granted. Default judgment should be entered against Defendant and

---

[1] The district judge to whom this case is assigned referred this motion for disposition. Order, ECF No. 11. Pursuant to 28 U.S.C. § 636(b)(1)(A), a motion for default judgment is a dispositive motion appropriate for a Report and Recommendation. *Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 7249831, at *1 (S.D. Tex. Nov. 18, 2020), *adopted*, No. 4:19-CV-1118, 2020 WL 7247781 (S.D. Tex. Dec. 8, 2020).

damages in the follow amounts: $164,767.11 in actual damages: $164,767.11 in liquidated damages, $60,000.00 in attorneys' fees, $250.00 in court costs, and 4.16% in post-judgment interest.

## I. BACKGROUND FACTS.

At the hearing, Plaintiff testified that Defendant is a drilling company that works on the construction of pipelines under other structures, where traditional digging for pipelines cannot be done. Plaintiff worked for Defendant as a project manager from June 1, 2023, until October 31, 2023. Pl.'s Compl., ECF No. 1 ¶¶ 5, 23. As a project manager, his duties included supervision of worksites, crew management, inspection, investigation, business development, and operations management. *Id.* ¶ 24. Defendant paid Plaintiff an annual salary of $224,640.00. *Id.* ¶ 27. Defendant controlled Plaintiff's work schedule, duties, protocols, applications, assignments, and employment conditions and provided the facilities, vehicles, and necessary equipment to perform his duties. *Id.* ¶¶ 24, 25. Plaintiff regularly worked 80 or more hours in a week. *Id.* ¶ 29.

Defendant failed to pay Plaintiff wages on June 23, 2023, July 21, 2023, August 4, 2023, August 11, 2023, August 18, 2023, August 25, 2023, September 8, 2023, September 22, 2023, September 29, 2023, October 13, 2023, October 20, 2023, and October 27, 2023, totaling "$56,16[0].00." *Id.* ¶ 30. Additionally, Defendant did not reimburse Plaintiff's expenses in the amount of $20,697.57.

*Id.* ¶ 31. Plaintiff complained to Defendant about the unpaid wages and expenses. *Id.* ¶ 48. Plaintiff also testified that he complained to the Defendant about its failure to pay his crew. Defendant did not investigate or escalate Plaintiff's claims and terminated his employment. *Id.* ¶¶ 48, 50.

Plaintiff alleges that, because of the termination, he lost wages in the amount of $108,607.19 for periods in which he was unable to secure employment and for accepting employment that paid less than his Firmso salary. Gaskill Aff., ECF No. 13. Plaintiff seeks actual damages in the amount of $164,767.11,[2] liquidated damages in the amount of $164,767.11, attorneys' fees based on a 35 percent contingency fee,[3] $250.00 in court costs,[4] and post-judgment interest.[5]

## II. DEFAULT JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After default is entered, a party may ask the court to

---

[2] Based on a summation of the figures provided in the Complaint, ECF No. 1, for accrued but unpaid wages ($56,160.00) and Gaskill Aff., ECF No. 13, for wages Plaintiff would have made had he not been terminated ($108,607.11). Plaintiff states in the affidavit that the latter amount is $108,607.19, but the numbers provided in the affidavit add up to $108,607.11.

[3] As stated in the evidentiary hearing on November 14, 2024, Minute Entry, ECF No. 15.

[4] As stated in the evidentiary hearing.

[5] As stated in the complaint.

3

enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2).

A plaintiff must submit evidence that the defendant has been properly served with the summons, complaint, and the default judgment motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649-51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)"). Without proper service, a court does not have personal jurisdiction over the defendant, and as a result, any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A motion for default judgment requires the court to determine: "(1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages." *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider whether:

(1) material issues of fact are at issue; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Default judgments are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977). "A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Rule 8 of the Federal Rules of Civil Procedure. *See Wooten*, 788 F.3d at 497-98.[6]

---

[6] Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu,* 515 F.2d at 1206; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

### III. DEFAULT JUDGMENT SHOULD BE GRANTED.

#### A. The Default Judgment Is Procedurally Appropriate.

The record shows that Plaintiff followed the correct procedural process for a default judgment. Plaintiff filed suit on March 27, 2024, raising FLSA claims. ECF No. 1. On April 18, 2024, a summons was issued. ECF No. 5. On April 23, 2024, a certified process server left the complaint and summons with Defendant's registered agent: Ebony C., authorized agent with United States Corporation Agents, Inc. ECF No. 6. Defendant did not answer or file an appearance. ECF No. 10. Plaintiff then sent the default judgment to Defendant's registered agent by certified mail. *Id.* at 3; *id*. at 10-2. This lawsuit has been pending since March 27, 2024. ECF No. 1. Since then, Defendants have not appeared, answered, moved under Rule 12(b), or asked for time to do so. They have been "essentially unresponsive." *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Because the Court finds that the Complaint satisfies Rule 8, the evidence at the hearing further elaborated on the factual basis for the claim asserted, and Defendant failed to answer or appear at the hearing to challenge the evidence, no material issues of fact exist. *See Lindsey*, 161 F.3d at 893. Further, the Court finds that Plaintiff has suffered substantial prejudice because he was not paid for several weeks of work and was not reimbursed for the substantial living expenses he incurred to perform the work out of state. *Id.* The grounds for default are clearly

established and there is no evidence it was caused by a good faith mistake or excusable neglect. *Id.* Since Defendant failed to pay Plaintiff for work performed, there is no real harshness in entering a default judgment and there is no basis to believe the default judgment should be set aside if defendant were to file a motion. *Id.*

### B. Plaintiff Has Presented A Colorable Claim.

In his complaint, Plaintiff alleged claims for unpaid minimum wage, unpaid overtime,[7] retaliation, and willful conduct under the FLSA. ECF No. 1. "To benefit from FLSA coverage, Plaintiff must show he [ ] was engaged in interstate or foreign commerce, or in the production of goods for interstate or foreign commerce." *Vela*, 2020 WL 421188, at *1 (citing *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)). Plaintiff alleges that he "was an individual employee who engaged in commerce or in the production of goods for commerce within the meaning of

---

[7] For both Plaintiff's unpaid minimum wage and unpaid overtime claims, Plaintiff must be a non-exempt employee under the FLSA. 29 U.S.C. § 213(a)(1). Although the burden to prove Plaintiff is exempt is ultimately on the employer, *Owsley v. San Antonio Indep. Sch. Dist.*, 187 F.3d 521, 523 (5th Cir. 1999) (internal citation omitted), Plaintiff is a project manager who supervised/managed various individuals, ECF No. 1 ¶ 24, and may be exempt. *See* Daniel A. Klein, Annotation, *Who is employed in "executive capacity" within exemption, under 29 U.S.C.A. § 213(a)(1), from minimum wage and maximum hours provisions of Fair Labor Standards Act (29 U.S.C.A. §§ 201 et seq.)*, 131 A.L.R. Fed. 1 (1996) (internal citations omitted) ("Employee who worked as a 'project manager"…supervising at least two employees…was executive employee exempt from overtime provisions of FLSA…"). However, because Plaintiff can recover lost wages through an FLSA retaliation claim regardless of exempt/non-exempt status and stated on the record that he is not seeking overtime, the Court need not decide whether Plaintiff is exempt. Therefore, the Court does not decide whether Plaintiff is entitled to unpaid minimum wages or overtime. Regardless, even if Plaintiff sought overtime, he did not provide evidence of his hourly rate, which is necessary to calculate that figure.

29 U.S.C. § 207." ECF No. 1 ¶ 20. In addition, Plaintiff testified that he worked in several states for the Defendant, traveling from Texas to the other states, including Florida. The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Therefore, taking these allegations and the uncontroverted evidence at the hearing as true, Plaintiff has established that the FLSA applies to his employment with Defendant.

### 1. Plaintiff Established a Claim for Retaliation.

To establish a claim under the FLSA's anti-retaliation provision, Plaintiff must prove the same *prima facie* case that is required to prove a Title VII retaliation claim. *See Starnes v. Wallace*, 849 F.3d 627, 631 (5th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Plaintiff must show that: (1) he participated in a protected activity under the FLSA; (2) an adverse employment action occurred; and (3) there is a causal link between the activity and the adverse action. *Id.* at 631-32.[8]

Plaintiff testified and alleged in his complaint that he participated in protected activity under the FLSA when he complained to his supervisor, Monty Pratt, and the company's owner, Jay Fleming, of the company's failure to pay him and his crew.

---

[8] If Plaintiff meets this preliminary burden, the burden shifts to Defendant to produce evidence of a legitimate, non-retaliatory basis for the adverse action. *Id.* at 632. If Defendant does so, the burden shifts back to Plaintiff to identify evidence from which a jury could conclude that the proffered reason is pretext for retaliation. *Id.*

8

ECF No. 1 ¶ 48. An informal, internal complaint constitutes protected activity under the FLSA. *Chaves v. Cogent Med. Lab'y, LLC*, 2020 WL 5096946, at *4 (W.D. Tex. Aug. 28, 2020) (citing *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 626 (5th Cir. 2008)). Thus, Plaintiff established he engaged in protected activity.

Plaintiff also established that an adverse employment action occurred—his termination from employment. ECF No. 1 ¶ 50; *see Long v. Eastfield Coll.*, 88 F.3d 300, 306 (5th Cir. 1996).

Finally, Plaintiff has established the requisite causal link between his complaint of an FLSA violation and his termination because he alleges that he was fired after he complained about his and other employees' lack of pay. ECF No. 1 ¶¶ 49, 50. Plaintiff testified that he had traveled to Florida to work on a project for Defendant. However, he had not been paid for his work or reimbursed for his expenses. He made a complaint to his supervisor, Monty Pratt, in October 2023 that he would not continue to work without getting paid. After he complained, Pratt sent Plaintiff information on the next job that would be in Midland, Texas. Pratt also asked Plaintiff to continue working *but only as long as it was without pay*. Approximately a week later, in mid to late October 2023, the company turned off access to his work email and work files.

This testimony is evidence that Defendant fired Plaintiff because he would not agree to continue working without pay. In addition, temporal proximity between

9

the protected activity and alleged retaliation is enough to establish causation, so long as the protected act and adverse employment action are very close in time. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948-49 (5th Cir. 2015) (six-and-a-half-week timeframe between protected activity and adverse action satisfied causation prong of prima facie case); *Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007) (two-year period insufficient for causal connection). Only a week elapsed from the time of Plaintiff's complaint to Pratt in October 2023 and his termination, satisfying the close temporal proximity requirement. ECF No. 1 ¶¶ 5, 23, 48, 50. Defendant did not defend this action or proffer any non-retaliatory reason for Plaintiff's discharge.

Thus, Plaintiff has established Defendant's retaliation in violation of the FLSA. *See Chaves*, 2020 WL 5096946, at *4.

### 2. Plaintiff Established Willful Conduct.

When a violation occurs, the FLSA provides for actual damages, in addition to an equal amount as liquidated damages. 29 U.S.C. § 216(b). The FLSA also provides that the Court has discretion to decline to award liquidated damages if the employer demonstrates that it acted in good faith and had reasonable grounds for trusting that its actions or omissions did not violate the FLSA. 29 U.S.C. § 260. The burden to prove good faith and reasonable grounds is substantial. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016).

Plaintiff requested liquidated damages in addition to his actual damages, in equal amounts. ECF No. 1 ¶¶ 41, 42. Plaintiff alleges that Defendant did not act in good faith or with reasonable grounds. *Id.* ¶ 42. At the hearing, Plaintiff testified that when he complained of the lack of payment, Pratt told him that the company was acquiring another business and money was tight. He promised that Plaintiff and his crew would be paid. Eventually, Defendant paid a couple of the crew members, but did not pay Plaintiff. He further alleges that despite his working full-time, Defendant did not regularly pay Plaintiff and knew or should have known that non-payment violated the FLSA. *Id.* ¶¶ 37, 39–40.

Based on this evidence and the fact that Defendant failed to participate in this litigation, much less demonstrate good faith, the Court finds Defendant did not meet their "substantial burden" and acted willfully. *Naranjo v. Scottford Custom Home Designers & Consultants LLC*, No. 4:22-cv-1255, 2023 WL 3436101, at *5 (S.D. Tex. May 11, 2023) ("[T]he Defendants, having failed to participate in this litigation, much less demonstrate good faith, have not met their 'substantial burden.'") Therefore, liquidated damages are appropriate.

### III. DAMAGES

#### A. Actual Damages

Because Plaintiff established a claim for retaliation, he is entitled to lost wages. *See Stramaski v. Lawley*, 44 F.4th 318, 325 (5th Cir. 2022) (holding that the

FLSA provides a remedy for lost wages in "a single-plaintiff, retaliation case in which the defendant is said to have terminated [plaintiff] for complaining about a delay in receiving her pay"); *Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 480 (E.D. Tex. 2013) (citing 29 U.S.C. § 216(b)) ("the FLSA by its very terms permits a Plaintiff to recover his lost wages…Therefore, the Court finds that if Plaintiff establishes his claim for retaliatory discharge, he may be entitled to recover lost wages."). Lost wages include accrued unpaid wages for the time Plaintiff worked for Defendant, *Giessen v. Universal Cable Holdings, Inc.*, No. 2:19-cv-00173-JRG-RSP, 2020 WL 9935830, at *1 (E.D. Tex. Feb. 10, 2020) (denying Defendant's motion to dismiss Plaintiff's suit for lost wages in the form of unpaid overtime), as well as wages that Plaintiff would have made from Defendant had Plaintiff not been retaliatorily discharged, *Little*, 940 F. Supp. 2d at 468 (referring to lost wages as what "Plaintiff would have received had he remained employed").

Plaintiff alleged in his complaint, affidavit, and confirmed in the damages evidentiary hearing, that he had an annual salary of $224,640.00 and was not paid for thirteen weeks, resulting in $56,160.00 in unpaid wages. ECF Nos. 1, 13. As to wages that Plaintiff would have made had he continued to be employed by Defendant, Plaintiff stated in his affidavit, and confirmed in the hearing, that he had lost $108,607.19[9] from periods of unemployment or when he had accepted lower-

---

[9] The actual figure should be $108,607.11, based on the numbers provided in the affidavit.

paying jobs. Gaskill Aff., ECF No. 13. Taken together, Plaintiff is entitled to $164,767.11 in lost wages.

### B. Liquidated Damages

Because Plaintiff is entitled to liquidated damages in an amount equal to actual damages, and Defendant has not satisfied its burden, Plaintiff should be awarded $164,767.11 in liquidated damages.

### C. Work Expenses

Plaintiff seeks $20,697.57 in unreimbursed work expenses. ECF No. 1 ¶ 31. Such expenses are separate from FLSA damages and are obtained pursuant to a state law breach of contract claim. *See Wieck v. Synrg. Royce LLC*, A-17-CV-599, 2019 WL 697291, at *3 (W.D. Tex. Feb. 20, 2019) (awarding unreimbursed work expenses in addition to FLSA damages based on breach of contract); *Gauna v. Tex. AAA Vacuum Truck & Outhouse Serv., LLC*, Civ. Action No. SA-16-CA-402-XR, 2016 WL 8856915, at *2 (W.D. Tex. Nov. 3, 2016) (denying award of unreimbursed expenses because the breach of contract claims "do not specifically seek recovery for unpaid expense reimbursements").

Here, Plaintiff does not allege that he had a valid contract with Defendant regarding work expenses, let alone a breach of contract. Therefore, Plaintiff failed to establish he is entitled to the requested expenses.

### D.   Attorneys' Fees

Plaintiff's attorney seeks a 35 percent contingency fee. Although he did not state the number of hours worked or his customary hourly fee to assist the Court in determining the lodestar,[10] "the court is itself an expert in attorneys' fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 n.1 (E.D. La. 2009) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Mejia v. Mason Pro, Inc.*, No. 1:10cv264–LG–RHW, 2011 WL 1118834, at *2 (S.D. Miss. Mar. 25, 2011) ("The plaintiffs have not provided affidavits from other attorneys regarding the reasonableness of their requested hourly rate, and they have not provided information concerning their attorneys' respective levels of expertise and experience. However, the Court is familiar with [the attorneys], as well as the reasonable rate for similar services in this community based on other recent cases in which attorneys' fees were sought.").

Contingency fees are customary in various types of cases. At the hearing, Plaintiff's counsel represented to the Court that he customarily obtains a 35 percent contingency fee in FLSA cases. In this case, a 35 percent contingency would result

---

[10] The lodestar is calculated as part of the Fifth Circuit's determination of whether an attorneys' fee is reasonable. *Jimenez v. Wood Cnty, Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010).

in an award of $115,336.98 for a default judgment, where no discovery or extensive motions have been filed, other than the motion for default judgment and the short evidentiary hearing to prove up damages. In other default judgment cases, attorneys' fees have been awarded based on the written motion proving up hourly rates and hours worked in the range of $38,000.00-$40,000.00. *See, e.g., Vela*, 2020 WL 421188, at *1 (awarding $39,725 in attorneys' fees); *Wieck*, 2019 WL 697291, at *1, 3 (awarding $38,384.41 in attorneys' fees). Accordingly, because the Court held an evidentiary hearing, a larger award is warranted than the awards in those cases. Thus, the Court determines that an award of $60,000.00 in attorneys' fees is warranted.

### D.  Court Costs

Plaintiff also seeks costs in the amount of $250.00 for the process service fee and filing fee. Under Rule 54(d) of the Federal Rules of Civil Procedure, "costs shall be allowed as a matter of course to the prevailing party in a civil action." *Chaves*, 2020 WL 5096946, at *8. "Pursuant to 28 U.S.C. § 1920, a judge…may tax as costs the following: (1) fees of the clerk and marshal; …(5) docket fees under 28 U.S.C. § 1923. *Id.* Plaintiff's filing fee cost falls under § 1920. However, the Fifth Circuit has held that private process service fees are not permissible absent exceptional circumstances, which Plaintiff has not argued here. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997). Nonetheless,

because the $250.00 requested is less than the $405 filing fee that Plaintiff actually paid, the Court determines that Plaintiff should be awarded $250.00 in court costs. *Cf. id.* (internal citation omitted) ("Plaintiff's requested costs, the $400.00 initial filing fee…are recoverable.").

### E.  Post-Judgment Interest

Plaintiff also asks for post-judgment interest. "The federal postjudgment interest statute states that '[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.'" *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, Civ. Action No. 4:10-5269, 2012 WL 176438, at *2 (S.D. Tex. Jan. 20, 2012) (citing 28 U.S.C. § 1961(a)). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." *Id.* "Post-judgment interest accrues daily until payment and compounds annually." *Jennings v. Premier Recovery Grp., Inc.*, No. 416CV00869ALMCAN, 2017 WL 4212290, at *2 n.4 (E.D. Tex. Aug. 22, 2017), *adopted*, No. 4:16-CV-869, 2017 WL 4181696 (E.D. Tex. Sept. 21, 2017).

The rate for the calendar week preceding the date of the judgment is 4.16%.[11] The Court therefore determines that Plaintiff should be awarded post-judgment

---

[11] *Selected Interest Rates (Daily) – H.15*, FEDERAL RESERVE, https://www.federalreserve.gov/releases/h15/ (Jan. 2, 2025).

interest at a rate of 4.16%.

## IV. CONCLUSION

The Court recommends that Plaintiff's Motion for Default Judgment, ECF No. 10, be **GRANTED**. Plaintiff should have judgment against Defendant in the following amounts:

- $164,767.11 in actual damages
- $164,767.11 in liquidated damages
- post-judgment interest at a rate of 4.16% per annum
- $60,000.00 in attorneys' fees
- $250.00 in court costs

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on January 3, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**